UNITED STATES DISTRICT COURT
DISTRICT OF MASACHUSETS

| | |
|---|---|
| BOSE CORPORATION, | ) |
|     Plaintiff, | ) Civil Action No. 1:19-cv-11707 |
| v. | ) |
| ANDRE GOLDSTEIN, | ) |
|     Defendant. | ) |

**DEFENDANT'S OPPOSITION TO MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Defendant Andre Goldstein ("Mr. Goldstein") does not object to an extension of the Court's existing order concerning this matter, which may facilitate resolution of this dispute and is consistent with steps that Mr. Goldstein offered to take before Plaintiff filed this suit. However, Mr. Goldstein does not concede that Plaintiff Bose Corporation ("Bose") has met its burden of proving its entitlement to injunctive relief. To clarify his position, Defendant hereby opposes Bose's Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction. As discussed herein, the motion should be denied because (1) Mr. Goldstein was cooperating fully with Plaintiff before the filing of this suit – including by agreeing to submit all of his electronic devices for a prompt forensic examination – and he is continuing to cooperate now; (2) Plaintiff has not established a likelihood of success on the merits; and (3) Plaintiff's requested injunctive relief is unduly burdensome and utterly silent on the most important issue currently facing the parties: conducting and completing a prompt forensic examination concerning the electronic files at issue.

### A. Plaintiff's Request for Injunctive Relief Is Unnecessary Because Mr. Goldstein Has Been Cooperating Fully in This Matter

Plaintiff's motion papers fail to disclose Mr. Goldstein's voluntary and complete cooperation with the company's investigatory efforts since he retained counsel. Although Plaintiff's brief drops a footnote acknowledging that Mr. Goldstein submitted a storage device containing company files (as well as personal files of Mr. Goldstein's), it fails to disclose that Mr. Goldstein complied or attempted to comply with every one of Plaintiff's demands before suit.

The following chronology is documented by the parties' correspondence in **Exhibit A**:

| | |
|---|---|
| Thursday, August 1 | "Exit interview" with Mr. Goldstein, who remained a Bose employee after the interview. |
| Monday, August 5 | Counsel for Mr. Goldstein (Howard Brown, Esq.) contacts Plaintiff's in-house counsel, stating "I would like to avoid or resolve a dispute in this matter if possible."<br><br>Outside counsel for Plaintiff responds with 4 demands:<br><br>1. Return all of Plaintiff's information;<br>2. Submit all personal devices for forensic examination to confirm that Mr. Goldstein had not retained or transmitted any copies;<br>3. Provide a sworn declaration that Mr. Goldstein did not transmit Plaintiff's information to others and does not have any remaining copies; and<br>4. Reaffirm Mr. Goldstein's commitment not to use Plaintiff's confidential information. |
| Tuesday, August 6 | Counsel for Mr. Goldstein responds to Plaintiff's demands as follows:<br><br>1. Mr. Goldstein will return all of Plaintiff's information;<br>2. Mr. Goldstein will make his personal devices, including his phone, available for forensic examination and requests an agreement as to independence of the |

|  | |
|---|---|
| | examination and protection of Mr. Goldstein's private information;<br>3. Mr. Goldstein will provide a sworn declaration as requested; and<br>4. Mr. Goldstein will reaffirm his commitment not to use Plaintiff's confidential information.<br><br>Counsel for Plaintiff responds by providing notice of Mr. Goldstein's termination effective that date and by stating that Plaintiff "is not interested in negotiating" the return of information. |
| Wednesday, August 7 | Counsel for Mr. Goldstein turns over an electronic storage device of Mr. Goldstein's, despite the lack of any agreement concerning protection of Mr. Goldstein's personal information. Counsel also calls and writes to Plaintiff's counsel repeatedly, seeking to discuss this matter and the production of other electronic devices.<br><br>Plaintiff files this lawsuit and moves for a temporary restraining order. |

Since August 7, Mr. Goldstein has conducted a further search for any materials or information of Plaintiff's and, through undersigned counsel, is providing Plaintiff with miscellaneous physical materials that were in his possession, such as a poster from a presentation that Mr. Goldstein made, one of his employment evaluations, and an outside vendor's training handout. Mr. Goldstein also has drafted and circulated to Plaintiff a sworn statement concerning his non-disclosure of Plaintiff's confidential information consistent with Plaintiff's earlier demands. Mr. Goldstein also is in the process of providing a complete accounting of all of Plaintiff's confidential or potentially confidential or trade secret information as ordered by this Court.

Mr. Goldstein's understanding is that a forensic examination can establish whether a storage device or other electronic device was used to copy or forward any files, and therefore can

3

corroborate that he did not use or transmit Plaintiff's confidential information. As noted above, Mr. Goldstein already has provided a personal storage device to Plaintiff. He remains willing to submit his phone and other electronic devices for forensic examination, subject to appropriate protocols for protection of privileged and other personal information. He also has confirmed that he is willing to provide password and related information to allow Plaintiff to search Mr. Goldstein's storage accounts and satisfy itself that Mr. Goldstein did not use or transmit any of Plaintiff's confidential information. It is critically important that this investigation take place as quickly as possible – indeed, Plaintiff ostensibly refused to enter into "negotiations" and ran to the courthouse over just this issue – yet Plaintiff's motion requested no relief with respect to the investigation. Mr. Goldstein is still awaiting Plaintiff's proposal in this regard.

### B. Plaintiff Has Not Proven A Likelihood of Success on the Merits

As discussed above, Mr. Goldstein is willing to provide Bose with a sworn statement along the lines Plaintiff requested earlier this month concerning his nondisclosure of confidential information. Apart from this, however, Plaintiff has not established a likelihood of success on the merits of its claims.

With respect to the Defend Trade Secrets Act, 18 U.S.C. § 1836 (Count I), the statute requires that Mr. Goldstein have used or disclosed Plaintiff's trade secrets. See 18 U.S.C. § (b)(3)(B). Plaintiff has adduced no evidence that Mr. Goldstein used any confidential information for his own purposes or disclosed such information to third parties. Instead, Plaintiff alleges "on information and belief" that Mr. Goldstein used and/or disclosed Plaintiff's confidential information. (Memorandum at 11.) Moreover, as discussed below, the Defend Trade

4

Secret Act expressly *prohibits* the sort of sweeping, non-competitive injunctive relief Plaintiff asks the Court to grant here.[1]

With respect to the Massachusetts Trade Secrets Act, G.L. c. 93, § 42 (Count II), Plaintiff again has not provided any evidence of use or distribution of confidential information by Mr. Goldstein. Consequently, Plaintiff has not proven that it has a viable claim for damages or a royalty under § 42B. Mr. Goldstein's voluntary willingness to undergo a prompt and complete forensic examination also belies the argument that Plaintiff requires injunctive relief under § 42A.

Finally, with respect to breach of contract (Count IV), Plaintiff relies upon two excerpts from an employment agreement between Plaintiff and Mr. Goldstein (which agreement notably does not contain a non-compete clause).

- The first excerpt on which Plaintiff relies is an agreement that the employee will not disclose to anyone, or use for the employee's own benefit, any of the company's secrets or confidential knowledge. Complaint ¶ 49. Again, although Plaintiff alleges "on information and belief" that Mr. Goldstein has used or disclosed Plaintiff's confidential information (Memorandum at 11), Plaintiff has adduced no evidence that Mr. Goldstein used any confidential information for his own purposes or disclosed such information to third parties.

- Plaintiff also relies on an excerpt from the employment agreement to the effect that certain papers and records are the exclusive property or the Plaintiff and will be surrendered to the Plaintiff "*upon termination of Employee's employment by the Company or upon request at any time either during or after the termination of such employment.*" Complaint ¶ 51 (emphasis added). As set forth above, Mr. Goldstein was an employee of the Plaintiff until he was terminated on August 6, 2019. Mr. Goldstein surrendered his storage device on August 7 (despite the lack of any protocols for protection of his own confidential information) and has been cooperating with Plaintiff ever since.

---

[1] Plaintiff's motion papers do not reference the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a) (Count III), but Plaintiff's failure to adduce any evidence of use or distribution by Mr. Goldstein casts doubt on Plaintiff's ability to show "damage or loss," as required under Section 1030(a)(2)(c).

In view of the foregoing, and Mr. Goldstein's ongoing, voluntary cooperation with forensic investigatory efforts, Plaintiff has not established entitlement to injunctive relief.

### C. Plaintiff's Requested Injunctive Relief is Unduly Burdensome on Mr. Goldstein and Fails to Address the Critical Issue of Forensic Investigation

As discussed above, Mr. Goldstein through counsel agreed with every one of Plaintiff's demands before the filing of this lawsuit. The only issue as to which he requested any clarifications and protections was with respect to the production of his personal electronic devices. Despite the obvious issues of privilege and confidentiality raised by conducting a forensic examination of these devices, Plaintiff insisted that it was "unwilling to negotiate" about this subject and chose to file suit instead.

Under these circumstances, it is highly disturbing that Plaintiff's motion for a temporary restraining order makes no request whatsoever as to a forensic examination of Mr. Goldstein's devices. Instead, Plaintiff seeks among other things to restrain Mr. Goldstein from traveling and seeks to impose a one-year-or-more noncompetition restriction upon him. The employment agreement upon which Plaintiff relies in Count IV imposes no restrictions of this kind, nor did Plaintiff provide any "garden leave" or other compensation as required under Massachusetts law for such restrictions. See M.G.L. c. 149, § 24L. Moreover, Plaintiff's request flies in the face of the Defense of Trade Secrets Act (Count I), which expressly provides that an injunction under the act may not "prevent a person from entering into an employment relationship".

Mr. Goldstein has a family that depends upon his being employed and his residential lease is expiring at the end of this month. Despite his cooperation, including his willing to sign a sworn statement and to turn over his personal electronic devices and account passwords, he is facing multiple claims with potential federal criminal implications and Plaintiff is seeking to prevent him from working for more than a year. Plaintiff's proposed injunctive relief is overreaching to

6

the point that it appears as much about retribution as about the protection of confidential information, and the Court should deny the motion accordingly. Mr. Goldstein hopes that, with the Court's guidance, the parties can rapidly agree to and reach the conclusion of a forensic examination.

    Respectfully submitted,

    ANDRE GOLDSTEIN,
    By his attorney,

    /s/ Jeffrey S. Follett

    Jeffrey S. Follett (BBO# 564337)
    LAW OFFICE OF JEFFREY S. FOLLETT
    25 Garfield Street
    Watertown, MA  02472
    (617) 744-9255
    jeff@jfollettlegal.com

Dated: August 12, 2019

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 12, 2019.

    /s/ Jeffrey S. Follett

    Jeffrey S. Follett