**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| BOSE CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDRE GOLDSTEIN<br><br>    Defendant. | Civil Action No.: 1:19-cv-11707-ADB |

## PROTECTIVE ORDER

The Court has ordered Defendant Andre Goldstein to fully cooperate with Bose in a forensic investigation sufficient in scope to allow Bose to verify compliance with paragraphs (1) – (3) of the August 15, 2019, Preliminary Injunction. ECF No. 23; *see also* ECF No. 16. The parties have agreed that Mr. Goldstein's data that will be accessed during this investigation should be governed by the following terms. Accordingly, the Court HEREBY ORDERS THAT:

1.      A forensic analysis will be performed by an independent third party, Stroz Friedberg. As part of that analysis, Stroz Friedberg shall not have its access to any of Defendant's devices and accounts restricted except as provided in this Order.

2.      All information obtained from the forensic analysis shall only be used for purposes of this case.

3.      Any information obtained from the forensic analysis may only be viewed by Bose employees and attorneys who have a legitimate need to see the information for purposes of this case.

4.      Before presenting any information obtained from the forensic analysis to the Court, Bose will disclose such information, with as much notice as is reasonably practical, with

any redactions Bose, in its sole discretion, deems necessary, to Andre Goldstein through his counsel. Mr. Goldstein may request *in camera* review of the redactions.

5.      Bose in-house personnel shall not review any information that is solely of a personal nature to Mr. Goldstein or that does not pertain to Bose property. For avoidance of doubt, communications between Mr. Goldstein and any prospective employer that do not include, attach, reference or discuss Bose property shall not be disclosed to or reviewed by Bose in-house personnel, nor shall Defendant's account passwords be disclosed to or reviewed by Bose counsel and in-house personnel. Stroz Friedberg shall not review the contents of communications or user-created records (other than Bose property) created before September 5, 2017 (when Defendant became a Bose employee), except to the extent it deems reasonably necessary to satisfy itself as to the completeness of its search for information specifically pertaining to Bose property. If Bose counsel cannot determine whether information contains Bose property, Bose counsel may disclose such information to Bose in-house personnel for the purpose of determining whether it contains Bose property.

6.      Stroz Friedberg will run a search across the harvested and processed data to exclude all communications with: Jeffrey Follett (617-744-9255; 617-763-9470; jeff@jfollettlegal.com; jsfollett@comcast.net), Michael Attaya (617-951-3030; mea@c-m.com), Daniel Marx (617-321-8360; dmarx@fickmarx.com), Michael Rabieh (617-475-5273; mrabieh@rabiehlaw.com),  and/or Howard Brown (617-566-8090; hmb@bostonemploymentlaw.com) from what is provided to Bose counsel for review. Bose may not argue in this or any other proceeding that Defendant's provision of devices and account information to Stroz Friedberg is a waiver of attorney-client privilege. To the maximum extent allowable, such provision shall not be considered a waiver as to third parties.

7.       Bose will advise Stroz Friedberg of this Order and require its compliance with the terms of this Order. Stroz Friedberg will not alter or delete records or data (including metadata, with the exception of metadata that may be unavoidably altered through the collection of data) from Defendant's devices or accounts except as may be agreed by the parties or ordered by the Court.

**SO ORDERED.**

August 21, 2019                                    /s/ Allison D. Burroughs
                                                   ALLISON D. BURROUGHS
                                                   U.S. DISTRICT JUDGE